**Clyde N. GRIFFITH, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

Civ. A. No. 94–117.

United States District Court,
E.D. Kentucky.

July 3, 1995.

---

Margo L. Grubbs, Hoffman, Hoffman & Grubbs, Elsmere, KY, Lee Hornberger, Cincinnati, OH, for plaintiff.

Douglas L. McSwain, Katherine M. Coleman, Sturgill, Turner & Truitt, Lexington, KY, for defendant.

### MEMORANDUM ORDER

WEHRMAN, United States Magistrate Judge.

On May 30, 1995, plaintiff filed a motion to compel discovery from the defendant, seeking the "personnel, appraisal and discipline files" of three managerial employees who were involved in the events leading to plaintiff's termination, which termination plaintiff alleges was discriminatory in nature. Defendant has filed a response, opposing plaintiff's discovery request on grounds of relevancy.

The court has examined the case law on this frequently contested discovery issue and

---

concludes that the personnel files are discoverable in this case. Although some courts have expressed reluctance to disclose personnel files, particularly those of public officials such as police officers, *see Segura v. City of Reno,* 116 F.R.D. 42 (D.Nev.1987), other courts including those within the Sixth Circuit have adopted a much more liberal view of discovery when determining whether personnel files should be disclosed. For example, in *Parrish v. Ford Motor Co.,* 953 F.2d 1384 (6th Cir.1992) (unpublished, text available on Westlaw), the Sixth Circuit noted that a plaintiff needed access to personnel files in an age discrimination suit in order to prove his prima facie case that younger persons were promoted during the relevant limitations period. The court's analysis suggested that personnel files may be particularly relevant in discrimination cases. In *Willis v. Golden Rule Insurance Co.,* 56 F.E.P. 1451, 1991 WL 350038 (E.D.Tenn.1991), another age discrimination case, the court likewise commented on the general relevance and discoverability of personnel files in discrimination cases, noting that "[t]he privacy of any individual and confidentiality of the files may be protected by an appropriate protective order." *See also Horizon of Hope Ministry v. Clark County, Ohio,* 115 F.R.D. 1 (S.D.Ohio 1986) (holding in a federal civil rights action that police officers' personnel files should be disclosed since, unlike state law, "there is no privilege for personnel files" under federal law); *EEOC v. Avco New Idea Division,* 18 F.E.P. 311, 1978 WL 72 (N.D.Ohio 1978) (holding that files of supervisory personnel are discoverable in action charging sex discrimination against hourly employees).

The defendant attempts to distinguish *Avco* on the basis that the plaintiff in this case alleges only specific acts of discrimination rather than a pattern or practice of discrimination. However, the personnel files of the managerial employees may still be relevant to plaintiff's claims, since those files may contain documentary evidence of discriminatory acts against this plaintiff. Defendant's reliance on *Burka v. New York City Transit Authority,* 110 F.R.D. 660 (S.D.N.Y.1986) is likewise unavailing. In *Burka,* a case in which the personnel files were ultimately disclosed, the court noted that "full disclosure is most strongly warranted where a case is based on alleged violations of federally-protected civil rights." Plaintiff's complaint in this case is based upon a similar federal law and strongly favors disclosure.

Accordingly, IT IS ORDERED HEREIN:

1. That plaintiff's motion to compel [Doc. # 25] shall be GRANTED, subject to a protective order;

2. That the parties shall make every effort to reach agreement on an appropriate protective order within ten (10) days of the date of this order;

3. That the defendant shall disclose the "personnel, appraisal and discipline files" of the three managerial employees as soon as possible, but in any event within fifteen (15) days of the date of this order.